OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant, Richard T. Cereghin, appeals a judgment of the Paulding County Common Pleas Court finding him guilty of preparing marijuana for distribution in violation of R.C. 2925.03(A)(2). Cereghin maintains that his conviction was contrary to the manifest weight of the evidence, because the state failed to show that he was actually involved in the preparation of the marijuana. After reviewing the entire record, we cannot find that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Accordingly, we overrule Cereghin's assignment of error and affirm the decision of the trial court.
 {¶ 2} In March of 2002, deputies from the Paulding County Sheriff's Office executed a search warrant on Cereghin's trailer home. The deputies seized various contraband including over 200 grams of marijuana that had been divided into separate plastic bags with approximately one ounce of marijuana in each bag. They also seized three hand scales and several empty bags that contained the residue of marijuana.
 {¶ 3} The deputies arrested Cereghin, and he was indicted on the charge of preparing marijuana for distribution in violation of R.C.2925.03(A)(2). Cereghin was convicted at a subsequent jury trial, and from this conviction he appeals presenting the following assignment of error for our review.
Appellant's conviction for preparation of marijuana for distribution isagainst the manifest weight of the evidence.
 {¶ 4} In this assignment of error, Cereghin suggests that his conviction was contrary to the manifest weight of the evidence, because there was no direct evidence showing that he had prepared the marijuana for distribution.
 {¶ 5} When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[1] Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment.[2]
 {¶ 6} R.C. 2925.03(A)(2) prohibits the preparation of controlled substances for distribution. Cereghin seems to maintain that the jury clearly lost its way because there was no direct proof that he had actually engaged in putting the marijuana into the separate packages for the purpose of distributing them. He claims that it is possible that someone else separated the marijuana into the bags, or that the marijuana was separated into plastic bags for reasons other than distributing it. However, it is well established that, "[w]hen the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."[3]
 {¶ 7} In the case herein, it was established at trial that deputies entered Cereghin's residence, found Cereghin alone inside, and also found numerous plastic bags, each filled with approximately once ounce of marijuana. There was testimony from an officer that it is the usual practice of drug dealers to separate the marijuana into smaller bags in such a manner in order to prepare it for sale. Furthermore, the deputies found several scales that are commonly used for measuring marijuana in order to facilitate its packaging and sale. There were also several empty plastic bags that contained marijuana residue.
 {¶ 8} Cereghin cites to State v. Jackson[4] in support of his contention that the above evidence was against the manifest weight of his conviction. In Jackson, the Fifth District held that the mere fact that an undercover officer had seen the defendant with more than one plastic bag of marijuana was not enough to sustain a conviction based on the preparation of marijuana for sale. However, there are several factual differences between Jackson and the present case. The substance that the undercover officer in Jackson saw was never seized and tested to establish that it in fact was marijuana. Furthermore, there was no evidence of either scales or empty plastic bags containing marijuana residue in the Jackson case. The circumstantial evidence and testimony tending to show that Cereghin prepared the marijuana for distribution was absent from the Jackson case.
 {¶ 9} After reviewing the entire record, we find that the jury did not clearly lose its way in convicting Cereghin of the preparation of marijuana charge. Accordingly, we must affirm the decision of the trial court.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw and Cupp, JJ., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
[2] Id.
[3] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89.
[4] (March 25, 1991), 5th Dist. No. 89 AP 120091, unreported.